IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| RHETT BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-05095-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SSA[1]; | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability benefits. Upon review, the decision of the Commissioner is **AFFIRMED.**

### **Standard of Review**

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however, for consistency purposes, the case style in this action remains as originally filed.

outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined the Plaintiff suffered from the following severe mental impairments: cognitive disorder, not otherwise specified; bipolar disorder; paranoid schizophrenia; anxiety disorder; agoraphobia without panic; and paranoid personality disorder. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that, despite his mental impairments, Plaintiff retained the mental residual functional capacity ("RFC") to complete simple tasks with the following limitations: the Plaintiff can perform simple tasks that are not performed as an integral part of a team, involving simple work-related decision making and relatively few workplace changes, and Plaintiff can occasionally interact with supervisors and coworkers but must avoid interaction with the general public. Although the ALJ found that Plaintiff was unable to perform any past relevant work, the ALJ found that jobs exist in significant numbers in the national economy that the Plaintiff can perform. Therefore, the ALJ determined Plaintiff was not disabled.

On appeal, the issues raised by Plaintiff in support of reversing the ALJ's decision are: (1) whether the ALJ properly weighed the medical opinion evidence in the record and (2) whether substantial evidence supports the ALJ's RFC determination.

In assessing Plaintiff's RFC, the ALJ properly considered and weighed the available medical opinion evidence.[2] *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir. 2010) (an ALJ

---

[2] The ALJ properly discounted Dr. Rehmert's opinion, the treating psychiatrist, because the opinion lacked support from the treatment notes and was inconsistent with other evidence of record, including the objective medical findings. The ALJ properly discounted Dr. Doyle's opinion, the clinical psychologist, because Dr. Doyle's Medical Source Statement was inconsistent with Dr. Doyle's narrative statement. *See Halverson v. Astrue,* 600 F.3d 922, 930 (8th Cir. 2010) (an ALJ may discount the opinion of a physician when the opinion is inconsistent with the physician's treatment notes). The ALJ assigned substantial weight to Dr. Smith's and Dr. Gerhart's opinions, the consultative evaluator and psychological

must assess a claimant's RFC based on all relevant evidence); *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (while the ALJ's assessment must be supported by some medical evidence, it is not limited to considering medical evidence exclusively). The ALJ considered Plaintiff's testimony, Plaintiff's medical treatment records, and the physicians' medical opinions. Upon careful consideration, the Court finds that substantial evidence supports the ALJ's RFC determination.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 20, 2017

---

consultative examiner respectively, because the opinions were consistent with the overall medical evidence. Finally, the ALJ gave great weight to state agency medical psychologist Dr. Stephen Scher, Ph.D. because the opinion was consistent with the record as a whole. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (the ALJ carefully considered the record as a whole, giving substantial weight to statements based upon medical expertise and supported by the medical evidence).